UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
SCOTT J. BLOCH,                       )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   Civil Action No. 09-2133 (RBW)
                                      )
U.S. OFFICE OF PERSONNEL              )
MANAGEMENT,                           )
                                      )
            Defendant.                )
_____)

**ORDER**

Scott Bloch, the plaintiff in this civil matter, alleges that the United States Office of Personnel Management ("OPM") violated the Privacy Act, 5 U.S.C. § 552a (2012), when it purportedly "disclosed records pertaining to [the] [p]laintiff . . . to members of the media." Complaint ("Compl.") ¶ 9, ECF No. 1. The documents purportedly released were part of an investigation initiated by the defendant into the plaintiff's conduct during his tenure as the Special Counsel at the United States Office of Special Counsel ("OSC"). Id. ¶¶ 6–7. Specifically, the plaintiff alleges that the OPM collected "records of work performed by an outside computer specialist firm, Geeks on Call, on [the] [p]laintiff's malfunctioning government-issued laptop computer," id. ¶ 8, and "in violation of the Privacy Act," the defendant "intentionally or willfully disclosed [those] records . . . to members of the media, including The Wall Street Journal," id. ¶ 9; see also id. ("[A] reporter for The Wall Street Journal informed [the] [p]laintiff that lawyers at [the OPM] had shown him records from [the OPM]'s purported investigation of [the] [p]laintiff, including records of the services performed by the outside computer firm on [the] [p]laintiff's laptop computer.").

1

On March 5, 2014,[1] the day before discovery was scheduled to close, the plaintiff requested the opportunity to amend his Complaint, adding the OSC as a defendant. Plaintiff's Motion to Amend Complaint ("Pl.'s Mot.") at 2, ECF No. 60. The plaintiff represented in that motion that "[d]iscovery in this case has revealed that [the] OSC's role in the release of Privacy Act-protected information was more significant than originally believed." Id. The defendant opposes the motion. Defendant's Opposition to Plaintiff's Motion to Amend Complaint ("Def.'s Opp'n") at 1, ECF No. 61. For the reasons that follow, the Court concludes that it must deny the plaintiff's motion.

Generally, upon a motion filed pursuant to Federal Rule of Civil Procedure 15(a)(2), "[l]eave to amend a [pleading] should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). However, once a court-ordered deadline to file amended pleadings has passed, a motion to amend a complaint is governed by the more stringent Rule 16 "good cause" standard. Wallace v. AlliedBarton Sec. Servs., LLC, 309 F.R.D. 49, 50 (D.D.C. 2015); A Love of Food I, LLC v. Maoz Vegetarian USA, Inc., 292 F.R.D. 142, 143 (D.D.C. 2013); Lurie v. Mid–Atlantic Permanente Medical Grp., P.C., 589 F. Supp. 2d 21, 23 (D.D.C. 2008); see also Fed. R. Civ. P. 16(b). As another member of this Court has explained,

> The primary factor in determining whether good cause exists is the diligence of the party: "the Court's inquiry must focus on the reasons the [moving party] has given for his delay instead of the substance of the proposed amendment." In other words, "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission." In addition to diligence, the movant should also show lack of prejudice to the opposing parties.

---

[1] The Court regrets the significant delay in its resolution of the plaintiff's motion. As noted on the docket, this case was transferred to the undersigned more than a year after briefing for the motion had concluded. See Reassignment of Civil Case at 1, ECF No. 64.

A Love of Food, 292 F.R.D. at 144 (alteration in original) (citations omitted); see also In re Papst Licensing GmbH & Co. KG Litig., 762 F. Supp. 2d 56, 59 (D.D.C. 2011) (To show "good cause" under Rule 16, "the moving party must show both diligence and a lack of prejudice to the opposing parties").

The plaintiff did not file his motion until March 5, 2014, one day prior to the close of discovery and more than two and a half years after the court-ordered deadline for the parties to amend their pleadings. Compare Pl.'s Mot. at 4 (filing dated March 5, 2014), with May 5, 2011 Scheduling and Procedures Order at 5, ECF No. 28 ("Motions to amend pleadings or to join additional parties shall be due on or before June 1, 2011."). According to the plaintiff, the reason for this delay is that earlier, he "had at most suspicion, not evidence, that [the] OSC 'conspired' to disclose Privacy Act-protected information," and that he only gathered "sufficient direct evidence of OSC involvement in this matter in January 2014 . . . at the depositions of Mark Paoletta and [OSC Deputy Special Counsel] James Byrne." Plaintiff's Reply in Support of his Motion to Amend Complaint ("Pl.'s Reply") at 3, ECF No. 63 (footnote omitted).

The Court finds the plaintiff's representations implausible based upon the record before it. As the defendant notes in its opposition, the plaintiff previously filed two substantially similar civil complaints in the Circuit Court of Fairfax County, Virginia, the first in April 2011 and the second in December 2012. Def.'s Opp'n at 7–8. Both named the OSC and its agents as defendants. Def.'s Opp'n, Exhibit ("Ex.") 7 (Complaint, Civil Action No. 2011-06099) at 1; Def.'s Opp'n, Ex. 8 (Complaint, Civil Action No. 2012-19322) at 1. And both Virginia cases sought damages for conduct arising out of the same factual circumstances that are presented in the Complaint here. See Def.'s Opp'n, Ex. 7 (Complaint, Civil Action No. 2011-06099) ¶ 50 ("Also in November 2007, various news organizations, including The Wall Street Journal,

reported that [the] [p]laintiff had hired Geeks on Call to service his government-issued laptop. On information and belief, OPM-[Office of the Inspector General] intentionally disclosed information about [the] [p]laintiff's hiring of Geeks on Call to members of the media, including The Wall Street Journal." (citations omitted)); Def.'s Opp'n, Ex. 8 (Complaint, Civil Action No. 2012-19322) ¶ 50 (same). Importantly, the second Fairfax County, Virginia complaint specifically alleges that the OPM and the OSC's Deputy Special Counsel Mark Byrne "work[ed] together to leak out invoices for Geeks on Wheels to John Wilke of the Wall Street Journal." Def.'s Opp'n, Ex. 8 (Complaint, Civil Action No. 2012-19322) ¶ 68(d). In light of these prior filings, it is evident that the plaintiff had a sufficient factual predicate to make these allegations against the OSC and its employees at least as early as December 2012.[2] And a delay in the filing of his Amended Complaint from December 2012 to March 2014 is inconsistent with the diligence requirements of Rule 16. See Lurie, 589 F. Supp. 2d at 24 ("The plaintiff's inadequate explanation, combined with the fact that the motion for leave to file an amended complaint was filed almost a year after the Court's deadline, two years after the defendant's answer, and two weeks after the close of discovery, leads the Court to conclude that the plaintiff cannot amend his complaint under the Rule 16(b) 'good cause' standard."); see also In re Papst, 762 F. Supp. 2d at 59–60 (plaintiff "not diligent in moving to amend the complaint" more than a year after it was established that he was aware of the requisite facts to do so). The plaintiff's arguments that he did not have the opportunity to confirm through depositions his allegations against the OSC until January 2014 is therefore unavailing. For example, in Wallace v. AlliedBarton Security Services, LLC, the plaintiff belatedly attempted to modify her discrimination complaint by

---

[2] Indeed, even in his original Complaint filed in this case, the plaintiff alleged that OPM "conspired with other persons and/or entities, including . . . OSC," Compl. ¶ 10, further demonstrating his awareness of OSC's potential involvement.

including an additional claim based upon her non-selection for a position at her company that would have constituted a promotion. 309 F.R.D. at 51. The motion was filed seven months after the Court-ordered deadline for amendments to the pleadings, but the plaintiff "argue[d] that her delay was justified because she did not learn of the potential discriminatory nature, and thus relevance, of her non-promotion to her discrimination case until depositions were conducted in October 2014." Id. Rejecting this argument, the Court noted that the plaintiff had previously stated in her own deposition that she "was aware of her non-promotion and already considering it to be a discriminatory act." Id. And as previously explained, the plaintiff's allegations in his two prior complaints filed in Virginia demonstrate awareness of the factual circumstances of the OSC's purported involvement in any improper disclosures of his Privacy Act records.[3]

The plaintiff having failed to demonstrate the requisite diligence necessary for this Court to find good cause for amending his Complaint under Rule 16, it is hereby

**ORDERED** that the Plaintiff's Motion to Amend Complaint, ECF No. 60, is **DENIED**. It is further

**ORDERED** that the parties shall confer and file a Joint Proposed Schedule governing further proceedings in this case by June 30, 2016. It is further

**ORDERED** that the parties shall appear for a Status Conference at 9:30 a.m. on July 6, 2016. It is further

**ORDERED** that the defendant shall file a proposed redacted version of this Order that may be filed to the public docket by June 30, 2016.

---

[3] Moreover, the plaintiff's decision to wait more than a month after these depositions to request an amendment exacerbates his delay and underscores his lack of diligence. See Wallace, 309 F.R.D. at 51–52 ("Even accepting the version of the facts presented in [the] [p]laintiff's briefing, [the] [p]laintiff still waited two months . . . to amend her Complaint.")

**SO ORDERED** this 8th day of June, 2016.

REGGIE B. WALTON
United States District Judge